J-S58045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRENDON CARUANO | |
| Appellant | No. 303 MDA 2016 |

Appeal from the Judgment of Sentence February 4, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002632-2015

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:               **FILED OCTOBER 13, 2016**

Appellant, Brendon Caruano, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following his open guilty plea to aggravated indecent assault and corruption of minors.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Between January 2006 and December 2009, Appellant sexually abused his minor cousin ("Victim") on multiple occasions.  Specifically, Appellant penetrated Victim's vagina with his fingers, exposed himself to Victim, and put his mouth on Victim's vagina.  After Victim reported the abuse, the

_____

[1] 18 Pa.C.S.A. §§ 3125(a)(7) and 6301(a)(1), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

Commonwealth charged Appellant with involuntary deviate sexual intercourse with a child, aggravated indecent assault, indecent assault, endangering welfare of children, indecent exposure, and corruption of minors on May 29, 2015. On July 28, 2015, Appellant entered an open guilty plea to aggravated indecent assault and corruption of minors, in exchange for the court's dismissal of the remaining charges against Appellant. After accepting Appellant's guilty plea, the court ordered the Sexual Offender Assessment Board ("SOAB") to assess Appellant and determine if Appellant met the criteria for classification as a sexually violent predator ("SVP"). The court deferred sentencing pending the preparation of a pre-sentence investigation ("PSI") report and Appellant's SVP assessment. SOAB member, Dr. Veronique Valliere, conducted Appellant's SVP assessment.

The court held a SVP hearing on February 4, 2016, where the Commonwealth introduced the expert report prepared by Dr. Valliere. In her report, Dr. Valliere stated Appellant suffers from paraphilic disorder, which is a lifelong condition that overrides Appellant's emotional and volitional control. Dr. Valliere's report also indicated Appellant exhibited predatory behavior when he exploited his access to Victim to facilitate the abuse. Dr. Valliere opined to a reasonable degree of professional certainty that Appellant met the criteria for classification as a SVP.

Appellant presented the testimony of Dr. Timothy Foley, who also

conducted a SVP assessment of Appellant. Dr. Foley agreed with Dr. Valliere's paraphilic disorder diagnosis; however, Dr. Foley asserted certain modifications applied to the diagnosis, which significantly decreased Appellant risk of recidivism. Dr. Foley opined Appellant does not meet the criteria for classification as a SVP due to the unlikelihood that he will engage in future predatory behavior. After consideration of the expert reports and testimony, the court imposed SVP status based on its finding that Appellant suffers from paraphilic disorder, which makes him likely to engage in predatory sexually violent offenses.

Immediately following the SVP hearing, the court sentenced Appellant to a term of twenty-two (22) to seventy-two (72) months' incarceration for the aggravated indecent assault conviction followed by a consecutive term of sixty (60) months' probation for the corruption of minors conviction. On February 22, 2016, Appellant timely filed a notice of appeal. On February 24, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on March 15, 2016.

Appellant raises the following issue for our review:

> WHETHER THE TRIAL COURT ERRED IN CLASSIFYING…APPELLANT AS A [SVP] WHERE THE COMMONWEALTH FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT MEETS THE STATUTORY CRITERIA DESIGNATING HIM TO BE A [SVP] BECAUSE THE COMMONWEALTH FAILED TO PROVE THAT [APPELLANT'S] MENTAL ABNORMALITY MAKES IT LIKELY THAT HE WILL ENGAGE IN FUTURE SEXUALLY VIOLENT

PREDATORY OFFENSES?

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Paul M. Yatron, we conclude Appellant's issue on appeal merits no relief. The trial court opinion fully discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed April 12, 2016, at 2-6) (finding: Appellant's Rule 1925(b) statement fails to state with any specificity what court failed to consider when it determined Appellant met criteria for classification as SVP; thus, Appellant's claim is waived; even if not waived, Appellant's claim warrants no relief; Appellant admitted sexually abusing Victim multiple times between 2006 and 2009; specifically, Appellant admitted he digitally penetrated and put his mouth on Victim's vagina; Dr. Valliere prepared report based on her SVP assessment of Appellant, which analyzed relevant factors pursuant to Section 9799.24; Dr. Valliere's report specifically noted that Appellant exploited his access to Victim and used his public persona as police officer to camouflage his deviant sexual arousal and abuse of Victim; Dr. Valliere opined Appellant suffers from paraphilic disorder, which is lifetime condition that overrides Appellant's emotional and volitional control; Dr. Valliere concluded Appellant meets criteria for classification as SVP; Appellant presented expert testimony of Dr. Foley, who also performed SVP assessment of Appellant; while Dr. Foley agreed with Dr.

Valliere that Appellant suffers from paraphilic disorder, Dr. Foley opined Appellant has low likelihood of reoffending; after reviewing expert reports and testimony, court concluded Appellant met criteria for classification as SVP based on his diagnosis of paraphilic disorder and his predatory behavior toward Victim; therefore, Commonwealth proved by clear and convincing evidence that Appellant met criteria for classification as SVP).  Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2016

COMMONWEALTH OF
PENNSYLVANIA

v.

BRENDON CARUANO,
APPELLANT

: IN THE COURT OF COMMON PLEAS OF
: BERKS COUNTY, PENNSYLVANIA
: CRIMINAL DIVISION
:
: No. CP-06-CR-0002632-2015
:
: PAUL M. YATRON, PRESIDENT JUDGE

Attorney for the Commonwealth
Attorney for the Appellant on Appeal
Andrea E. Mertz, Esq., Attorney for the Appellant at Trial

**1925(a) Opinion**                                                                   **April 12, 2016**

On July 28, 2015, Brendon Caruano ("Appellant") pled guilty to aggravated indecent assault and corrupting the morals of a minor[1]. Appellant was thereafter evaluated by the Pennsylvania Sexual Offenders Assessment Board ("SOAB"), and based on their report, the Commonwealth requested a hearing. A hearing was held on February 4, 2015, and we found that Defendant met the criteria for classification as a sexually violent predator. Appellant was sentenced the same day to an aggregate sentence of not less than twenty-two (22) nor more than seventy-two (72) months' incarceration, followed by a probationary term of five (5) years.

Appellant filed a notice of appeal on February 4, 2016, and we directed him to file a concise statement of errors pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.

The concise statement was timely filed on March 15, 2016. Appellant raises the following matters for appellate review:

1. The trial court erred in finding that the Defendant was a sexually violent predator since the Commonwealth failed to prove by clear and convincing evidence that the Defendant met the criteria to be classified as a sexually violent predator.

2. The sexually violent predator finding was against the weight of evidence and failed to meet the burden of proof to designate Defendant an SVP.

CONCISE STATEMENT, September 8, 2015.

BERKS COUNTY, PA

---

[1] 18 Pa.C.S.A. § 6318(a)(5).

CLERK OF COURTS

1



## Discussion

The purpose of requiring a Concise Statement is so that trial judges can identify which issues to focus on. The Pennsylvania Supreme Court has held that after "a Concise Statement of Matters Complained of on Appeal [is filed], any issues not raised in such a statement will be waived." *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001) (citing *Commonwealth v. Lord*, 719 A.2d 306, 308 (1998)) Furthermore, from the progeny of this case, when a Concise Statement is so vague as to prevent meaningful review, and thus impede pertinent legal analysis, such issues raised are also waived. *Commonwealth v. Butler*, 756 A.2d 55, 57 (Pa.Super. 2000). In other words, vague statements are the equivalent to no statement at all and result in forfeiture of that issue on appeal. *See Dowling*, 778 A.2d at 687.

Here, Appellant complains that "the Commonwealth failed to prove by sufficient clear and convincing evidence that Appellant meets the statutory criteria classifying him as an SVP." CONCISE STATEMENT at ¶1. Appellant fails to state with any specificity how we failed to classify him as a SVP. Furthermore, in Appellant's second issue for appeal, Appellant merely states that the "weight of evidence failed to meet the burden of proof to designate Appellant an SVP." CONCISE STATEMENT at ¶2. To make its determination we relied upon many factors, Appellant fails to allege with any specificity that the factors we relied upon failed to meet the burden of proof. The vagueness of Appellant's statements defeats the purpose of a concise statement and hinders pertinent legal analysis. As a result, the issues raised by Appellant should be considered waived.

Even if the issues are not waived, Appellant would not be entitled to relief. To reiterate, Appellant claims that the Commonwealth failed to prove by clear and convincing evidence that he meets the statutory criteria to be classified as a sexually violent predator. CONCISE STATEMENT at ¶1. This claim is without merit.

The following standard applies to the review of a trial court's determination of a defendant's SVP status:

> The determination of a defendant's SVP status may only be made following an assessment by the Board and hearing before the trial court. In order to affirm an SVP designation, we, as a reviewing court, "must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a sexually violent predator." *Commonwealth v. Krouse*, 799 A.2d 835, 840 (Pa.Super.2002) *(en banc), appeal denied,* 573 Pa. 671, 821 A.2d 586 (2003); *see also Commonwealth v. Meals*, 590 Pa. 110, 127, 912 A.2d 213, 223 (2006) (the task of

2

the Superior Court on appeal of a trial court's classification of a criminal offender as a sexually violent predator "is one of review, and not of weighing and assessing evidence in the first instance."). As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status "only if the Commonwealth has not presented clear and convincing evidence sufficient to enable the trial court to determine that each element of the statute has been satisfied." *Krouse*, 799 A.2d at 838.

*Commonwealth v. Geiter*, 929 A.2d 648, 650 (Pa. Super. 2007) (footnotes omitted).

Appellant admitted to the following facts during the guilty plea colloquy conducted on March 6, 2015:

**District Attorney:** By pleading guilty, do you admit to the following facts: That you have a date of birth of .          ; that the victim in this case has a date of birth of          and on multiple occasions between the years of 2006 and 2009, at the location of          that you sexually abused the female victim having a date of birth of          specifically through such measures of taking your finger and penetrating her vagina, as well as putting your mouth on her vagina?

**The Defendant:** Yes.

The SOAB assessment of Appellant was conducted by Veronique N. Valliere, Psy.D. The report indicates that Appellant did not participate in an interview. SEXUALLY VIOLENT PREDATOR ASSESSMENT at 1. The report also provides a detailed description of the underlying offense, including that the victim was the Appellant's cousin who was between the ages of six and eight when the abuse occurred. *Id.* at 2. Further, the report considers that the Appellant admits on multiple occasions that he "put his finger in her vagina" and "put his mouth on her genitals." *Id.*

The report next analyzes the fourteen factors provided by 42 Pa.C.S.A. § 9799.24. The statute provides as follows:

Upon receipt from the court of an order for an assessment, a member of the board as designated by the administrative officer of the board shall conduct an assessment of the individual to determine if the individual should be classified as a sexually violent predator. The board shall establish standards for evaluations and for evaluators conducting the assessments. An assessment shall include, but not be limited to, an examination of the following:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age.

(ii) Use of illegal drugs.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9799.24.

Dr. Valliere's analysis of the Section 9799.24(b)(4) summarizes Appellant's background further. SEXUALLY VIOLENT PREDATOR ASSESSMENT at 3. Appellant does not have a criminal history or history of substance abuse. His actions did not involve multiple victims, however took place on multiple instances. *Id.* at 4. Yet, it especially troubling that Appellant exploited his access to the victim and used his public persona as a police officer to "camoflag[e] his deviant sexual arousal and abuse of a child." *Id.* at 5 Further, Dr. Valliere was able to diagnosis Appellant with paraphlic disorder, because: (1) he was over the age of 18 at the time of the offense; (2) his fantasies, urges, and/or behaviors motivated the sexual abuse; (3) the impact that the events has had on Appellant's life quality and his own admitted sexual arousal to the victim.

Based upon the above factors, Dr. Valliere determined that Appellant meets the diagnostic criteria for Paraphilic Disorder and a Personality Disorder; she further concluded that both are lifetime conditions that have overridden Appellant's emotional or volitional control. *Id.*

4

at 6–7. The report concludes that "with a reasonable degree of professionally certainty that Mr. Caruano **MEETS** the criteria to be classified as a Sexually Violent Predator under the Act." SEXUALLY VIOLENT PREDATOR ASSESSMENT at 5.

An SVP hearing was conducted on February 4, 2016. Dr. Timothy Foley, Ph. D, Appellants expert, testified and was stipulated as an expert during the hearing. SVP HEARING AND SENTENCING at 4. On direct examination, Dr. Foley summarized his report and explained his reasons to find that Appellant was not a sexually violent predator. The crux of his argument was that the statistical likelihood of reoffending, according to the Static-99, was "low risk" *Id.* at 15, 19. Under the Static-99, Dr. Foley found two factors that increased the chance of reoffending. These were that Appellant was under the age of 35 and has never lived with a sexual partner. *Id.* at 12. Upon reviewing the reports of both experts and the testimony of Dr. Foley, we concluded that Appellant was a sexually violent predator. *Id.* at 22. Our reasoning was that statistical likelihood should not be considered a factor in our decision. *Id.* In the alternative, certain conditions alone are sufficient to carry the burden of proof. *Id.*

Following the SVP hearing, we found that Appellant characteristics make him likely to engage in predatory sexually violent offenses. We accordingly concluded that the Commonwealth proved by clear and convincing evidence that Appellant meets the criteria to be classified as a sexually violent predator. Given the totality of Dr. Valliere's detailed report and Dr. Timothy Foley's testimony, it is difficult to imagine any other conclusion under our current jurisprudence.

Furthermore, Appellant alleges that we failed to meet the burden of proof to designate him as a sexually violent predator. Though it is not explicitly addressed in the concise statement, Appellant may reiterate his argument that the definition of "predatory" has not been satisfied. We disagree. Our law defines "predatory" as follows: "An act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." 42 Pa.C.S.A. § 9799.12. Appellant exploited his access to the victim and used his public persona as a police officer to "camoflag[e] his deviant sexual arousal and abuse of a child." SEXUALLY VIOLENT PREDATOR ASSESSMENT at 5. He initiated his abuse of the victim over several years by locking his bedroom door and removing her pants and underwear. *Id.* Appellant would then proceed to "put his finger

in her vagina . . . . [and] his mouth on her genitals." *Id.* Appellant's behavior was clearly predatory under the statutory definition.

This Court respectfully requests that the instant appeal be DENIED.



# COUNTY OF BERKS, PENNSYLVANIA
## Clerk of Courts

Courthouse, 4th Floor
633 Court Street
Reading, PA 19601-3585

Phone: 610.478.6550

BethAnn G. Hartman, Chief Deputy
James M. Polyak, Solicitor
Daryl F. Moyer, Solicitor, Emeritus

**James P. Troutman, Clerk of Courts**

**PROOF OF SERVICE**     Docket No. 2632-15

I, Kim Santoro , certify that I served the within documents upon the following:

(X) District Attorney      ( ) Solicitor           ( ) Prison Society      ( ) CYS
( ) Public Defender      ( ) Court Reporter      ( ) Controller         ( ) Ct Admin
( ) Adult Probation      ( ) Prothonotary        ( ) commissioner       ( ) GAL
( ) Bureau of Traffic Safety  ( ) Sheriff        ( ) Bar Association
( ) Reading Central Court    ( ) MHMR            ( ) Reading Eagle
( ) Law Library          ( ) Dr. Rotenberg      ( ) Beth
( ) BCP Records          ( ) TASC               ( ) Computer
(X) Judge Yatron
( ) District Justice _____
( ) Police Department _____

    On the _____ day of _____, 20 ____.

(X) Defendant and/or Claimant by mailed a certified copy thereof to the following address:

_____

_____

    On the _____ day of _____, 20 ____.

(X) Defendant's attorney by mailing a certified copy thereof to:

_____

    On the 13th day of April , 20 16 .

Statements in this proof of service are made subject to the penalties for unsworn falsification to authorities under the Crimes Code 4904 (18 PACS 4904).

_____
Signature of Server

# File Copy Recipient List

Addressed To:    Brendon Caruano (Defendant)
#MK0422
SCI Graterford
PO Box 244
Graterford, PA  19426-0244

Andrea E. Mertz (Private)
Waldman Law Group PC
711 Spring St Ste 100
Wyomissing, PA  19610